UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD HOWARD SMITH,

Plaintiff,

v.

CAUSE NO. 3:19CV700-PPS/MGG

INDIANA DEPARTMENT OF
CORRECTION,

Defendant.

OPINION AND ORDER

Gerald Howard Smith, a prisoner without a lawyer, filed a motion for a preliminary injunction. Although Smith did not file a complaint, I will construe the allegations contained within the motion as constituting one, and the clerk will be directed to separately docket a copy of the motion (ECF 1) as a complaint. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith, who is currently housed at the Westville Correctional Facility, alleges he has been denied medical care and medication for his heart condition and "ongoing

mini-strokes" since he arrived at the Reception Diagnostic Center (RDC) in November of 2018. Smith claims he lost consciousness twice while at RDC and was diagnosed with partially blocked arteries around his heart, but he did not receive any post-diagnosis treatment. According to Smith, "[p]hysicians at the Westville Correctional Facility like Dr. Jackson refuse to see, treat, or even follow up on the Plaintiff's heath care needs." ECF 1 at 2. He claims that prison officials at Westville are currently providing him with "zero" care. *Id*. Smith requests injunctive relief in the form of "adequate healthcare treatment." *Id*. at 3.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although inmates are "not entitled to demand specific care [nor] entitled to the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), when "prison officials utterly fail to provide care for a serious medical condition, the constitutional violation is obvious . . .." *Campbell v. Kallas*, --- F.3d ----, No. 18-2075, 2019 WL 3886912, at *10 (7th Cir. Aug. 19, 2019). The details in Smith's complaint are sparse—particularly with regard to timing—but I must give him the benefit of the inferences to which he is entitled at this stage. He has alleged that he is receiving "zero" care for his serious medical needs. He has requested injunctive relief for "adequate healthcare treatment." Accordingly, I find that Smith has stated a claim against the Warden of the Westville Correctional Facility in his official capacity for permanent injunctive relief related to the receipt of medical care for his heart and stroke

conditions.[1] The Warden is also the proper party to respond to the motion for preliminary injunction.

That said, the specific injunctive relief Smith requests—namely, treatment provided by the Veteran's Administration's physicians and being "released" to receive it—may not be ordered even if it is ultimately determined that his current medical care is inadequate. While it is true that the Warden has both the authority and the responsibility to ensure Smith receives the medical care to which he is entitled under the Eighth Amendment, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), there may be several ways to do so that do not involve sending Smith to the Veteran's Administration. Simply put, Smith cannot dictate how such medical care is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); *see also Forbes,* 112 F.3d at 267 (Inmates are "not entitled to demand specific care [nor] entitled to the best care possible."). Therefore, injunctive relief—if granted—would be limited to requiring correctional officials to

---

[1] Smith has named only the Indiana Department of Correction (IDOC) as a defendant. However, because he has exclusively requested injunctive relief, the warden of the facility where he currently resides is the proper defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Therefore, I will construe the complaint as bringing a claim against the Warden of the Westville Correctional Facility rather than IDOC, and the clerk will be directed to edit the docket accordingly.

provide medical treatment for Smith's heart and stroke conditions to the extent required by the Constitution.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to separately docket a copy of the motion for preliminary injunction (ECF 1) as a complaint;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(3) GRANTS Gerald Howard Smith leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to provide him with constitutionally adequate medical care for his heart condition and ongoing mini-strokes as required by the Eighth Amendment;

(4) DISMISSES the Indiana Department of Correction;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order, the motion for preliminary injunction (ECF 1), and the complaint as required by 28 U.S.C. § 1915(d);

(7) ORDERS the Warden of the Westville Correctional Facility to file and serve by **September 20, 2019**, a response to the motion for preliminary injunction (ECF 1) with a sworn statement (and supporting medical documentation as necessary) explaining how Gerald Howard Smith is receiving constitutionally adequate medical

4

care for his heart condition and ongoing mini-strokes as required by the Eighth Amendment; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Gerald Howard Smith has been granted leave to proceed in this screening order.

SO ORDERED on September 3, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT